action. And also this action for *mesne* profits stands on the same ground. 7 Term 727 (this point is decided, I contend).

*Bayard.* Esp.N.P. 147, 262; Salk. 422; Esp.N.P. 416. Statute [of] Limitations must be pleaded if the defendant relies on it.

*G. Read* for defendant. Every general law court must notice without being pleaded, *ex officio.* Gilb.Evid. 41; Hob. 227; Vaugh. 150; 4 Co. 76 A; Het. 111. I further say that if Limitation cannot be given in evidence without being pleaded, this action is an exception, being similar to ejectment, in which the Act need not be pleaded. As to the other point, I contend the plaintiff, after his judgment in ejectment, should have issued his writ or obtained possession in some other way before he could sustain this action. 5 Bac.Abr. 217, 218, pl. 26, 27, 29, only the person who has the possession in fact can sustain the action of *quare clausum fregit,* and the action for *mesne* profits is similar. 3 Bl.Comm. 305, 306; 12 Mod. 376; 7 Term 354. Any thing that goes to the denial of plaintiff's right of action may be given in evidence on the general issue.

*Bayard* for plaintiff. The point made by the counsel that actual entry was necessary, in support of which they cited 7 Term 727. This case has no application to this question. In the case cited, the judgment of the court was not that the judgment in ejectment was not sufficient to ground the action of *mesne* profits, but to avoid a fine. 1 Burr. 193. [By] the case of *Astin v. Parklin,* 2 Burr. 665, the tenant in possession is concluded by the judgment in ejectment as to possession for *mesne* profits.

PER CURIAM. Statute [of] Limitations should be pleaded. Judgment in ejectment concludes the defendant as to the possession.

Exception to the above two points prayed by defendant's counsel.

Verdict for plaintiff, £199.15.0.

---

## ELI MENDENHALL v. JACOB BROOM.

Court of Common Pleas. New Castle. May, 1801.

*Rodney's Notes.*

*Finney, Bayard, Rodney* [for plaintiff]. *G. Read, Vandyke* [for defendant].

Thomas Mendenhall, to prove handwriting of Jacob Broom. Schooner sailed between the 10th and 20th March, 1796. She has been considered as lost. One year and a day considered the time after which the action may be brought on a policy if the vessel is not heard of in West India voyages.

*Bayard.* We claim the sum subscribed, one hundred dollars, with the deduction of two dollars for trouble etc., according to the terms, with interest from the year after she sailed, *viz.* March 20, 1797.

Verdict for plaintiff, $122.57.

## GEORGE McCALL'S LESSEE v. SARAH LOCKERMAN and JOSEPH.

Court of Common Pleas. Kent. December 4, 1801.

*Rodney's Notes.*

*Ridgely* [for plaintiff]. *Rodney, Read, Vandyke* [for defendant].

*Ridgely,* for plaintiff, opened the cause on the part of plaintiff. The question for jury is location.

*G. Read* for defendant. Our title has received heretofore the sanction of a jury.

William Killen, Esquire, sworn. About 1753 or 1754 Hugh Park called me to execute a warrant in the fork of St. Jones. I